UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CRAIG ALLEN JOHNSON, § | |
|     *Plaintiff*, § | |
| § | |
| VS. § | CAUSE NO. 4:15-cv-1490 |
| § | |
| TARGET LOGISTICS § | |
| MANAGEMENT, LLC., § | |
|     *Defendant*. § | |

**TARGET LOGISTICS MANAGEMENT, LLC'S
MOTION TO EXCLUDE EVIDENCE**

Defendant Target Logistics Management, LLC ("Target") moves to exclude Plaintiff Craig Allen Johnson's ("Plaintiff" or "Johnson") from introducing into evidence or otherwise discussing at trial several irrelevant and potentially prejudicial issues. Specifically, Target seeks an order excluding (1) evidence or mention regarding other employees not being terminated and/or demoted under different circumstances; (2) evidence or testimony contradicting Plaintiff's judicial admissions regarding other job opportunities; and (3) Plaintiff's exhibits 15, 16 and 93. For the reasons outlined below, these materials are irrelevant to the claims at issue and/or their risk of prejudice is substantially outweighed by any probative value.

### I.  BACKGROUND

Plaintiff has alleged several causes of action against Target arising from what he contends were violations of the ADA and FMLA. As a result of these alleged violations, Plaintiff requests potential future wages, salary, employment benefits, or other compensation that he claims he could have received but for Target's alleged behavior. *See* Rec. Doc. 14-1 at ¶ 139(a).

2579601                                                                 1

## II. LEGAL STANDARD

Evidence is relevant if it has a tendency to make a fact more or less probable than it would be without the evidence *and* the fact is of consequence in determining the action. Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402. However, even relevant evidence may be excluded when its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403. Federal Rule 403's "major function" is to exclude "matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979).

## III. ARGUMENT

### A. The Court should exclude evidence regarding other employees' actions

Target anticipates that Plaintiff will seek to introduce evidence of other employees not being terminated and/or demoted after receiving a DUI, hunting without a license, damaging a golf cart while under the influence, and having consensual sexual relations with another co-worker. However, no evidence or mention regarding these situations should be permitted, because they are wholly irrelevant to the situation presented here (a manager assaulting subordinates). In order to carry his burden at trial, Plaintiff needs to prove that "similarly situated" employees were treated differently. However, "employees who have different work responsibilities or who are subjected to adverse employment action for dissimilar violations are not similarly situated." *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259-60 (5th Cir. 2009). This is because the Fifth Circuit "require[s] that an employee who proffers a fellow employee as a comparator demonstrate that the employment actions at issue were taken 'under nearly

identical circumstances.'" *Id.* at 260 (quoting *Little v. Republic of Ref. Co., Ltd.*, 924 F.2d 93, 97 (5th Cir. 1991)); *see also Javery v. Lockheed Martin Corp.*, No. 14-2644, 2016 WL 1642926, at *4-*5 (E.D. La. Apr. 26, 2016) (granting defendant's motion for summary judgment because plaintiff only presented evidence of dissimilar comparators). The similitude of employee violations turns on the "comparative seriousness" of the offenses for which disciplinary actions were taken. *See Roberts v. Lubrizol Corp.*, 582 F. App'x 455, 459 (5th Cir. 2014). "But 'comparably serious' misconduct only suffices to make two employees similarly situated if their circumstances surrounding the misconduct are 'nearly identical.'" *Javery*, 2016 WL 1642926, at *6 (citing *Perez v. Tex Dep't of Crim. Just.*, 395 F.3d 206, 213 (5th Cir. 2004)).

The assault of a subordinate is objectively more serious than a DUI, hunting without a license, or consensual sex with a co-worker. None of these alleged incidents involve violence toward subordinate employees and are therefore significantly less serious than assault. For these reasons, such evidence is irrelevant, because it has no bearing on Plaintiff's ultimate claims, because these people are not appropriate comparators. Permitting such evidence would only confuse and/or mislead the jury, running afoul of Rule 403 as well. Accordingly, Plaintiff should be excluding from mentioning or introducing evidence regarding these individuals. Plaintiff agrees.

### B. Plaintiff cannot admit evidence contrary to his judicial admission

In his complaint, Plaintiff states:

> Murphy also then mentioned that they were looking to move Johnson to a place in Texas. That was good too, as Johnson was looking to be promoted to a Texas position. Murphy then added that it "wouldn't be any $10.00 an hour job." Johnson was confused – maybe he wasn't fired, but it now appeared as if he <u>was demoted</u>?

Rec. Doc. 16 at ¶ 57 (Plaintiff's Second Amended Complaint) (emphasis in original).

Target has now come to believe that Plaintiff wishes to contradict this statement and testify that Murphy never mentioned anything about a $10/hour job, that he told Plaintiff that he would come back to work in the same job and at the same pay, and that at the end of the call he did not believe he had been demoted.

"A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them. Although a judicial admission is not itself evidence, it has the effect of withdrawing a fact from contention." *Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476 (5th Cir. 2001). Normally, "factual assertions made in pleadings … are considered to be judicial admissions conclusively binding on the party who made them." *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983); *see also Davis v. A.G. Edwards & Sons, Inc.*, 823 F.2d 105, 108 (5th Cir. 1987)[1] While a district court may in its discretion relieve a party of the adverse consequences of a judicial admission, that should only be done if the interests of justice warrant such action. *Sunday Riley Modern Skin Care, L.L.C. v. Maesa*, No. H-12-1650, 2014 WL 722870, at *8 (S.D. Tex. Feb. 20, 2014) (citing *McGee v. O & M Boat Co.*, 412 F.2d 75, 76 (5th Cir. 1969); *see also Coral v. Gonse*, 330 F.2d 997, 998 n. 1 (4th Cir. 1964) ("If the District Court is convinced that an honest mistake has been made, the original allegation was untrue, and that justice required relief, it may, in its discretion, relieve the party of its otherwise binding consequence.").

In his Complaint, Plaintiff made affirmative representations about conversations he claimed he was a part of. Therefore, it is implausible for him now to turn around and claim that these detailed statements, which he never sought to amend or correct, were an "honest mistake" or untrue, now that it benefits him to allege a different series of events. This judicial admission is binding on Plaintiff and estopps him from arguing otherwise. Accordingly, testimony to the

---

[1] Federal Rule of Civil Procedure 7(a)(1) definitively establishes that complaints are considered "pleadings."

contrary by Plaintiff would be irrelevant and potentially prejudicial and confusing to the jury. Plaintiff therefore should be prohibited from testifying as such at trial.  Plaintiff does <u>not</u> agree.

### C. Plaintiff's Exhibits 15, 16, and 93 are improper and should be excluded from introduction

#### 1. Exhibits 15 and 16

The burden of giving proper instructions on the law rests with the district judge.  *See United States v. Hernandez*, 92 F.3d 309, 312 (5th Cir. 1996) (citing *United States v. Rubio*, 834 F.2d 442, 447 (5th Cir. 1987)).  In fact, "[i]t is the inescapable duty of the trial judge to instruct the jurors, fully and correctly, on the applicable law of the case, and to guide, direct and assist them toward an intelligent understanding of the legal and factual issues involved in their search for truth."  *Castilleja v. S. Pac. Co.*, 406 F.2d 669, 674 (5th Cir. 1969) (internal quotation marks omitted).

Plaintiff's exhibit 15 is a one page handout from the United States Department of Labor that seeks to inform people of their rights under the Family Medical Leave Act.[2]  Similarly, Plaintiff's Exhibit 16 is a handout from the Equal Employment Opportunity Commission seeking to educate people on their rights under various anti-discrimination laws.[3]  Admission of either exhibit would invade the province of Court in its sole duty to instruct the jury on the law.  The Court will explain the relevant law in its jury instructions.  As such, Exhibits 15 and 16 are irrelevant, unnecessary, and/or redundant, and their admission would serve no purpose other than to confuse or mislead the jury.  Plaintiff does <u>not</u> agree.

---

[2] Attached as Exhibit A.
[3] Attached as Exhibit B.

5

### 2. Exhibit 93

Plaintiff's Exhibit 93 is a summary timeline of alleged events created for litigation.[4] More accurately, Exhibit 93 is Plaintiff's subjective and biased narrative of his case from his point of view. It contains forty (40) entries. Federal Rule of Evidence 1006 provides:

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

For such charts to be admitted (1) the underlying writings previously admitted into evidence must be voluminous and (2) in-court examination must not be convenient. *United States v. Stephens*, 779 F.2d 232, 239. (5th Cir. 1985). Summary evidence will be admitted when "(1) they are based on competent evidence already before the jury, (2) the primary evidence used to construct the charts is available to the other side for comparison so that the correctness of the summary may be tested, (3) the chart preparer is available for cross-examination, and (4) the jury is properly instructed concerning use of the charts." *United States. v. Chivers*, 488 F. App'x 782, 785 (5th Cir. 2012) (internal quotation marks omitted). Moreover, the court has broad discretion in deciding whether to admit demonstrative evidence. *See Wright v. Redman Mobile Homes, Inc.*, 541 F.2d 1096, 1097-98 (5th Cir. 1976) (affirming exclusion of demonstrative evidence).

First, as proposed summary evidence, Exhibit 93 does not satisfy Rule 1006 because it is not premised on "voluminous" documents. This timeline does not attempt to distill thousands- or even hundreds of documents to aid the jury. Instead, it is merely forty alleged facts which Plaintiff will undoubtedly have to submit evidence of at trial; as such, at the very least this chart would be redundant of documents and evidence that will be discussed at trial.

---

[4] Attached as Exhibit C.

Second, Exhibit 93 presents Plaintiff's counsel's argument of the case, and is therefore not evidence. *See United States v. Gallardo-Trapero*, 185 F.3d 307, 321 (5th Cir. 1999). Accordingly, introduction of Exhibit 93 would only serve to confuse or mislead the jury as to what is appropriate evidence to consider in rendering its verdict. The proposed exhibit has no probative value. Plaintiff agrees.

## CONCLUSION

For the reasons stated above, the foregoing argument and exhibits should be prohibited at trial. The Federal Rules of Evidence and Fifth Circuit jurisprudence unequivocally demonstrate that they are not admissible and/or their probative value would be substantially outweighed by the risk of prejudice and juror confusion. Accordingly, Target respectfully requests that the Court grant the pending motion.

Respectfully submitted,

GORDON ARATA MCCOLLAM
 DUPLANTIS & EAGAN, LLC


*/s/ Charles L. Stinneford*
Charles L. Stinneford
State Bar No. 00785057
Federal Bar No. 17539
1980 Post Oak Blvd., Suite 1800
Houston, Texas 77056
Telephone:   (713) 333-5500
Facsimile:    (713) 333-5501
cstinneford@gordanarata.com

*Attorneys for Defendant*
*Target Logistics Management, LLC*

## CERTIFICATE OF CONFERENCE

I, Charles L. Stinneford, hereby certify that Plaintiff's attorney of record, Jo Miller, was contacted regarding this motion on October 31, 2016 and Ms. Miller agrees with the exclusion of evidence identified in sections III(A) and III(C)(2).  She does not agree with the exclusion of evidence in sections III(B) and III(C)(1)..

>	*/s/ Charles L. Stinneford*
>	Charles L. Stinneford

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the above and foregoing Opposition via Notice of Electronic filing using this Court's CM/ECF system to counsel of record participating in the CM/ECF system, or by placing signed copies in the United States mail, postage prepaid, to counsel of record not participating in the CM/ECF system on this 31st day of October, 2016.

>	*/s/ Charles L. Stinneford*
>	Charles L. Stinneford